# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
### (EASTERN DIVISION)

|  |  |
|---|---|
| In re:<br><br>**LINDSAY LAMPASONA, LLC,**<br><br><br>        **Debtor.** | **Chapter 7**<br>**Case No. 11-19747-JNF** |
| **LYNNE F. RILEY, CHAPTER 7 TRUSTEE,**<br>        **Plaintiff,**<br><br>        **v.**<br><br>**J.W. LINDSAY ENTERPRISES, LTD., PATRICK F. LAMPASONA, JR., DEVIN T. HARTNELL, S. ERNEST PORTER, BENJAMIN J. STOKDIJK, CORY T. BELL, KIRBY J. PUTNAM, LAURENCE J. SMITH, JOHN C. KELLY, RYKOR CONCRETE & CIVIL, INC., AMERICAN EXPRESS COMPANY, BANK OF AMERICA CORPORATION, CHASE BANK USA, N.A., STEVEN HETZEL and LYNN HETZEL,**<br>        **Defendants.** | **Adversary Proceeding**<br>**Case No. 13-01404** |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS,
## JOHN C. KELLY AND RYKOR CONCRETE & CIVIL, INC.,
## TO TRUSTEE'S COMPLAINT

NOW COME defendants, John C. Kelly ("Mr. Kelly") and Rykor Concrete & Civil, Inc.

("Rykor"; together with Mr. Kelly, the "Defendants"), by and through their counsel, and hereby

answer the Complaint of plaintiff, Lynne F. Riley, (the "Trustee" or "Plaintiff"), the Chapter 7

trustee of the bankruptcy estate (the "Estate") of Lindsay Lampasona, LLC (the "Debtor"), as follows:

### Nature of the Action

1.      The Defendants are without sufficient knowledge or facts to admit or deny the allegations of Paragraph 1 of the Complaint.  Insofar as this paragraph alleges any liability on the part of the Defendants, such liability is denied.

### Parties

2.      The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 2 of the Complaint.

### Management Defendants

3.      The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 9 of the Complaint.

4.      The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 4 of the Complaint.

5.      The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 5 of the Complaint.

6.      The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 6 of the Complaint.

7.      The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 7 of the Complaint.

8.      The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 8 of the Complaint.

9.      The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 9 of the Complaint.

### Canadian Affiliate Defendant

10.      The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 10 of the Complaint.

### Additional Collusive Sale Defendants

11.      The Defendants admit the allegations in Paragraph 11 of the Complaint.

12.      The Defendants admit the allegations in Paragraph 12 of the Complaint.

### Financial Institution Transferee Defendants

13.      The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 13 of the Complaint.

14.      The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 14 of the Complaint.

15.      The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 15 of the Complaint.

### Additional Insider Transferee Defendants

16.      The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 16 of the Complaint.

17.      The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 17 of the Complaint.

## Jurisdiction, Venue and Standing

18.     The allegations of Paragraph 18 contain legal conclusions and arguments to which no response is required.  To the extent that a response is required, the Defendants admit that those allegations pertaining to the Defendants are core proceedings.

19.     The allegations of Paragraph 19 contain legal conclusions and arguments to which no response is required.

20.     The allegations of Paragraph 20 contain legal conclusions and arguments to which no response is required.

21.     The allegations of Paragraph 21 contain legal conclusions and arguments to which no response is required.

22.     The allegations of Paragraph 22 contain legal conclusions and arguments to which no response is required.

## Facts

### The Debtor's Formation and Undercapitalization

23.     The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 23 of the Complaint.

24.     The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 24 of the Complaint.

25.     The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 25 of the Complaint.

26.     The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 26 of the Complaint.

27.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 27 of the Complaint.

28.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 28 of the Complaint.

29.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 29 of the Complaint.

30.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 30 of the Complaint.

31.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 31 of the Complaint.

32.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 32 of the Complaint.

33.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 33 of the Complaint.

34.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 34 of the Complaint.

35.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 35 of the Complaint.

36.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 36 of the Complaint.

37.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 37 of the Complaint.

38.     The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 38 of the Complaint.

39.     The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 39 of the Complaint.

40.     The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 40 of the Complaint.

41.     The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 41 of the Complaint.

42.     The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 42 of the Complaint.

43.     The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 43 of the Complaint.

### The Debtor's Receipt of Capital Infusions From Insiders

44.     The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 44 of the Complaint.

45.     The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 45 of the Complaint.

46.     The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 46 of the Complaint.

### The Canadian Owners' Affiliates, and Their Relationships With The Debtor

47.     The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 47 of the Complaint.

48.     The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 48 of the Complaint.

49.     The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 49 of the Complaint.

50.     The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 50 of the Complaint.

51.     The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 51 of the Complaint.

52.     The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 52 of the Complaint.

53.     The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 53 of the Complaint.

54.     Paragraph 54 purports to characterize a written document, which document speaks for itself.

55.     The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 55 of the Complaint.

56.     The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 56 of the Complaint.

57.     The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 57 of the Complaint.

58.     The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 58 of the Complaint.

59.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 59 of the Complaint.

60.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 60 of the Complaint.

### Payments to or for the Benefit of Insiders

61.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 61 of the Complaint.

### a.  The Hetzel Payment

62.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 62 of the Complaint.

63.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 63 of the Complaint.

64.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 64 of the Complaint.

65.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 65 of the Complaint.

66.    Paragraph 66 purports to characterize a written document, which document speaks for itself.

67.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 67 of the Complaint.

68.    Paragraph 68 purports to characterize a written document, which document speaks for itself.

69.     Paragraph 69 purports to characterize a written document, which document speaks for itself.

### b.  The Credit Card Payments

70.     The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 70 of the Complaint.

71.     The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 71 of the Complaint.

72.     The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 72 of the Complaint.

73.     The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 73 of the Complaint.

74.     The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 74 of the Complaint.

75.     The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 75 of the Complaint.

76.     The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 76 of the Complaint.

77.     The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 77 of the Complaint.

78.     The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 78 of the Complaint.

79.     The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 79 of the Complaint.

80.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 80 of the Complaint.

### c.  The Payments to JWL

81.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 81 of the Complaint.

82.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 82 of the Complaint.

83.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 83 of the Complaint.

84.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 84 of the Complaint.

85.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 85 of the Complaint.

86.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 86 of the Complaint.

87.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 87 of the Complaint.

88.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 88 of the Complaint.

89.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 89 of the Complaint.

90.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 90 of the Complaint.

91.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 91 of the Complaint.

92.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 92 of the Complaint.

93.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 93 of the Complaint.

94.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 94 of the Complaint.

95.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 95 of the Complaint.

96.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 96 of the Complaint.

97.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 97 of the Complaint.

98.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 98 of the Complaint.

99.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 99 of the Complaint.

100.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 100 of the Complaint.

101.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 101 of the Complaint.

102.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 102 of the Complaint.

103.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 103 of the Complaint.

104.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 104 of the Complaint.

105.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 105 of the Complaint.

### d.  The Payments to Hartnell

106.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 106 of the Complaint.

107.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 107 of the Complaint.

### e.  The Payments to PJ Lampasona

108.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 108 of the Complaint.

### f.  The Payments to Mary Lampasona

109.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 109 of the Complaint.

110.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 110 of the Complaint.

### g.  The Payments to Tony Lampasona

111.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 111 of the Complaint.

### h.  The Payments to Margaret Lampasona

112.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 112 of the Complaint.

113.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 113 of the Complaint.

### Self-Dealing By Insiders on the Eve of the Debtor's Bankruptcy Filing

114.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 114 of the Complaint.

115.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 115 of the Complaint.

116.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 116 of the Complaint.

117.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 117 of the Complaint.

118.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 118 of the Complaint.

119.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 119 of the Complaint.

120.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in the first sentence of Paragraph 120 of the Complaint.  The Defendants admit so much of the second sentence of Paragraph 120 as alleges that PJ and Tony had performed slab work for Advantage Construction, Inc., a company owned by Mr. Kelly, since approximately 2002.

121.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 121 of the Complaint.

122.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 122 of the Complaint.

123.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 123 of the Complaint.

124.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 124 of the Complaint.

125.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 125 of the Complaint.

126.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 126 of the Complaint.

127.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 127 of the Complaint.

128.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 128 of the Complaint.

129.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 129 of the Complaint.

130.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 130 of the Complaint.

131.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 131 of the Complaint.

132.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 132 of the Complaint.

133.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 133 of the Complaint.

134.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 134 of the Complaint.

135.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 135 of the Complaint.

136.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 136 of the Complaint.

137.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 137 of the Complaint.

138.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 138 of the Complaint.

139.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 139 of the Complaint.

**Improprieties In The Sale of the Debtor's Assets to Rykor**

140.    The Defendants admit the allegations in Paragraph 140 of the Complaint.

141.    The Defendants admit so much of Paragraph 141 of the Complaint as alleges that Mr. Kelly, PJ and Tony Lampasona had an existing professional relationship.

142.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 142 of the Complaint.

143.    The Defendants admit the allegations in Paragraph 143 of the Complaint.

144.    The Defendants admit so much Paragraph 144 of the Complaint as alleges that there were negotiations regarding Kelly's new company employing certain employees of the Debtor.

145.    The Defendants deny the allegation in Paragraph 157 of the Complaint.

146.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 146 of the Complaint.

147.    The Defendants admit so much of Paragraph 147 of the Complaint as alleges that there were certain discussions regarding the Mary Lampasona Advance prior to the execution of the Asset Purchase Agreement ("APA"), but the Defendants never agreed to repay the Mary Lampasona Advance under the APA or any other agreement.

148.    Paragraph 148 purports to characterize a written document, which document speaks for itself  Further answering, the Defendants state that Mr. Kelly made an arm's length bona fide offer to purchase assets.  Insofar as the paragraph alleges any liability on the part of the Defendants, such liability is denied.

149.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 149 of the Complaint.

150.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 150 of the Complaint.

151.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 151 of the Complaint.

152.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 152 of the Complaint.

153.    The Defendants admit so much of Paragraph 153 of the Complaint as alleges that Hartnell was also involved in certain negotiations of the APA.  The Defendants are without sufficient knowledge or facts to admit or deny the remaining allegations in Paragraph 153 of the Complaint.

154.    Paragraph 154 purports to characterize a written document, which document speaks for itself.

155.    Defendants deny the allegations in Paragraph 155 of the Complaint.  Further answering, the Defendants state that Kelly never committed to repaying the Mary Lampasona Advance.

156.    The Defendants admit so much of Paragraph 156 of the Complaint as alleges that Hartnell and Kelly met to discuss the purchase of assets and to negotiate the APA.

157.    The Defendants deny the allegations in Paragraph 157 of the Complaint.

158.    The Defendants admit the allegations in Paragraph 158 of the Complaint.

159.    The Defendants admit the allegations in Paragraph 159 of the Complaint.

160.    Denied. Further answering, the Defendants state that they never agreed to repay the Mary Lampasona Advance under the APA or any other agreement.

161.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 161 of the Complaint. Further answering, the Defendants state that they never agreed to repay the Mary Lampasona Advance under the APA or any other agreement with Hartnell or anyone else.

162.    The Defendants deny the allegations in Paragraph 162 of the Complaint.

163.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 163 of the Complaint.

164.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 164 of the Complaint.

165.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 165 of the Complaint.

166.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 166 of the Complaint.

167.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 167 of the Complaint.

168.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 168 of the Complaint.

169.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 169 of the Complaint.

170.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 170 of the Complaint.  Further answering, Defendants state that the sale was not collusive.

171.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 171 of the Complaint. Further answering, Defendants state that the negotiations for the Debtor's sale price were not artificial.

172.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 172 of the Complaint.

173.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 173 of the Complaint.

174.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 174 of the Complaint.

175.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 175 of the Complaint.

176.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 176 of the Complaint.  Further answering, the Defendants state that they never agreed to repay the Mary Lampasona Advance under the APA or any other agreement.

177.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 177 of the Complaint.

178.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 178 of the Complaint.

179.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 179 of the Complaint.

180.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 180 of the Complaint.

181.    The allegations of Paragraph 181 contain legal conclusions and arguments to which no response is required.

182.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 182 of the Complaint.

183.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 183 of the Complaint.

184.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 184 of the Complaint.

185.    Paragraph 185 purports to characterize a written document, which document speaks for itself.

186.    The Defendants admit the allegations in Paragraph 186 of the Complaint.

187.    Paragraph 187 purports to characterize a written document, which document speaks for itself.

188.    Paragraph 188 purports to characterize a written document, which document speaks for itself.

189.    Paragraph 189 purports to characterize a written document, which document speaks for itself.

190.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 190 of the Complaint.  Further answering, the Defendants state that they never agreed to repay the Mary Lampasona Advance under the APA or any other agreement.

191.    Paragraph 191 purports to characterize a written document, which document speaks for itself.

192.    The Defendants admit the allegations in Paragraph 192 of the Complaint.

193.    Paragraph 193 purports to characterize a written document, which document speaks for itself.  Further answering, the Defendants state that they never agreed to repay the Mary Lampasona Advance under the APA or any other agreement.

194.    Paragraph 193 purports to characterize a written document, which document speaks for itself.  Further answering, the Defendants state that they never agreed to repay the Mary Lampasona Advance under the APA or any other agreement.

**COUNT I**
**Breach of Fiduciary Duty**
**(All Canadian Owners and PJ Lampasona)**

195.    The Defendants repeat their answers to the allegations contained in Paragraphs 1 through 194 of the Plaintiff's Complaint as if fully set forth herein.

**Hartnell**

196. – 198.    The allegations set forth in paragraphs 196 - 198 are not directed toward the Defendants and, therefore, the Defendants need not, and do not answer.

**PJ Lampasona**

199. – 201.    The allegations set forth in paragraphs 199 - 201 are not directed toward the Defendants and, therefore, the Defendants need not, and do not answer.

**Bell, Porter, Putnam, Stokdijk, and Smith**

202. – 212.    The allegations set forth in paragraphs 202 - 212 are not directed toward the Defendants and, therefore, the Defendants need not, and do not answer.

## COUNT II
### Fraud and Collusion in the Sale Process
### (Canadian Owners, PJ Lampasona, Rykor, and Kelly)

213.    The Defendants repeat their answers to the allegations contained in Paragraphs 1 through 212 of the Plaintiff's Complaint as if fully set forth herein.

214.    The Defendants deny the allegations in Paragraph 214 of the Complaint.

215.    The Defendants deny the allegations in Paragraph 215 of the Complaint.

216.    The Defendants are without sufficient knowledge or facts to admit or deny the allegations in Paragraph 216 of the Complaint.

217.    The Defendants deny the allegations in Paragraph 217 of the Complaint.

## COUNT III
### Conspiracy to Defraud Creditors Through Collusive Sale
### (Canadian Owners, PJ Lampasona, Rykor, and Kelly)

218.    The Defendants repeat their answers to the allegations contained in Paragraphs 1 through 217 of the Plaintiff's Complaint as if fully set forth herein.

219.    The Defendants deny the allegations in Paragraph 219 of the Complaint.

## COUNT IV
### Unjust Enrichment Against Rykor and Kelly

220.    The Defendants repeat their answers to the allegations contained in Paragraphs 1 through 219 of the Plaintiff's Complaint as if fully set forth herein.

221.    The Defendants deny the allegations in Paragraph 221 of the Complaint.

222.    The Defendants admit they paid the agreed purchase price under the APA. Further answering, the Defendants state that they never agreed to repay the Mary Lampasona Advance under the APA or any other agreement.

223.     The Defendants admit the allegation in Paragraph 223 of the Complaint.  Further answering, the Defendants state that they had no obligation to pay the Mary Lampasona Advance under the APA or any other agreement.

224.     The Defendants deny the allegations in Paragraph 224 of the Complaint.

225.     The Defendants deny the allegations in Paragraph 225 of the Complaint.

**COUNT V**
**Fraudulent Transfers to Steven and Lynn Hetzel**
**[11 U.S.C. §§ 544, 550 an dM.G.L. ch. 109A]**

226.     The Defendants repeat their answers to the allegations contained in Paragraphs 1 through 225 of the Plaintiff's Complaint as if fully set forth herein.

227. – 231.     The allegations set forth in paragraphs 227 – 231 are not directed toward the Defendants and, therefore, the Defendants need not, and do not answer.

**COUNT VI**
**Fraudulent Transfers to JWL**
**[11 U.S.C. §§ 544, 548 and 550 and M.G.L. ch. 109A]**

232.     The Defendants repeat their answers to the allegations contained in Paragraphs 1 through 231 of the Plaintiff's Complaint as if fully set forth herein.

233. – 240.     The allegations set forth in paragraphs 233 - 240 are not directed toward the Defendants and, therefore, the Defendants need not, and do not answer.

**COUNT VII**
**Fraudulent Transfers to American Express**
**[11 U.S.C. §§ 544, 548 and 550 and M.G.L. ch. 109A]**

241.     The Defendants repeat their answers to the allegations contained in Paragraphs 1 through 240 of the Plaintiff's Complaint as if fully set forth herein.

242. – 248.     The allegations set forth in paragraphs 242 - 248 are not directed toward the Defendants and, therefore, the Defendants need not, and do not answer.

### COUNT VIII
### Fraudulent Transfers to Bank of America
### [11 U.S.C. §§ 544, 548 and 550 and M.G.L. ch. 109A]

249.     The Defendants repeat their answers to the allegations contained in Paragraphs 1 through 248 of the Plaintiff's Complaint as if fully set forth herein.

250. – 256.     The allegations set forth in paragraphs 250 - 256 are not directed toward the Defendants and, therefore, the Defendants need not, and do not answer.

### COUNT IX
### Fraudulent Transfers to Chase
### [11 U.S.C. §§ 544, 548 and 550 and M.G.L. ch. 109A]

257.     The Defendants repeat their answers to the allegations contained in Paragraphs 1 through 256 of the Plaintiff's Complaint as if fully set forth herein.

258. – 263.     The allegations set forth in paragraphs 258 - 263 are not directed toward the Defendants and, therefore, the Defendants need not, and do not answer.

### COUNT X
### Fraudulent Transfers to Hartnell
### [11 U.S.C. §§ 544, 548 and 550 and M.G.L. ch. 109A]

264.     The Defendants repeat their answers to the allegations contained in Paragraphs 1 through 263 of the Plaintiff's Complaint as if fully set forth herein.

265. – 274     The allegations set forth in paragraphs 265 - 274 are not directed toward the Defendants and, therefore, the Defendants need not, and do not answer.

### COUNT XI
### Fraudulent Transfers to PJ Lampasona
### [11 U.S.C. §§ 544, 548 and 550 and M.G.L. ch. 109A]

275.     The Defendants repeat their answers to the allegations contained in Paragraphs 1 through 274 of the Plaintiff's Complaint as if fully set forth herein.

276. – 284.    The allegations set forth in paragraphs 276 - 284 are not directed toward the Defendants and, therefore, the Defendants need not, and do not answer.

## COUNT XII
### Preferential Payments to Hartnell
### [11 U.S.C. §§ 547, 550, and 551]

285.    The Defendants repeat their answers to the allegations contained in Paragraphs 1 through 284 of the Plaintiff's Complaint as if fully set forth herein.

286. – 290.    The allegations set forth in paragraphs 242 - 248 are not directed toward the Defendants and, therefore, the Defendants need not, and do not answer.

## COUNT XIII
### Preferential Payments to PJ Lampasona
### [11 U.S.C. §§ 547, 550, and 551]

291.    The Defendants repeat their answers to the allegations contained in Paragraphs 1 through 290 of the Plaintiff's Complaint as if fully set forth herein.

292. – 296.    The allegations set forth in paragraphs 292 - 296 are not directed toward the Defendants and, therefore, the Defendants need not, and do not answer.

## COUNT XIV
### Preferential Payments to American Express
### [11 U.S.C. §§ 547, 550, and 551]

297.    The Defendants repeat their answers to the allegations contained in Paragraphs 1 through 296 of the Plaintiff's Complaint as if fully set forth herein.

298. – 300.    The allegations set forth in paragraphs 298 - 300 are not directed toward the Defendants and, therefore, the Defendants need not, and do not answer.

## COUNT XV
### Alter Ego and/or Veil Piercing Against JWL

301.    The Defendants repeat their answers to the allegations contained in Paragraphs 1 through 300 of the Plaintiff's Complaint as if fully set forth herein.

302. – 324.      The allegations set forth in paragraphs 302 - 324 are not directed toward the Defendants and, therefore, the Defendants need not, and do not answer.

## COUNT XVI
### JWL Liable for Acts and Omissions of Its Agent Harnell

325.      The Defendants repeat their answers to the allegations contained in Paragraphs 1 through 324 of the Plaintiff's Complaint as if fully set forth herein.

326. – 327.      The allegations set forth in paragraphs 326 - 327 are not directed toward the Defendants and, therefore, the Defendants need not, and do not answer.

## COUNT XVII
### Aiding and Abetting Breaches of Fiduciary Duty
### (All Canadian Owners and PJ Lampasona)

328.      The Defendants repeat their answers to the allegations contained in Paragraphs 1 through 327 of the Plaintiff's Complaint as if fully set forth herein.

328. – 329.      The allegations set forth in paragraphs 328 - 329 are not directed toward the Defendants and, therefore, the Defendants need not, and do not answer.

## COUNT XVIII
### Aiding and Abetting Acts and Omissions of the Debtor and Hartnell
### (JWL)

330.      The Defendants repeat their answers to the allegations contained in Paragraphs 1 through 329 of the Plaintiff's Complaint as if fully set forth herein.

331.      The allegation set forth in paragraph 331 is not directed toward the Defendants and, therefore, the Defendants need not, and do not answer.

## COUNT XIX
### Damages Under 11 U.S.C. §§ 363(n) and/or105
### (Canadian Owners, JWL, PJ Lampasona, Rykor, and Kelly)

332.      The Defendants repeat their answers to the allegations contained in Paragraphs 1 through 331 of the Plaintiff's Complaint as if fully set forth herein.

333.    The Defendants admit so much of Paragraph 333 as alleges that they were potential bidders to acquire the Debtor's assets.  The Defendants are without sufficient knowledge or facts to admit or deny the remainder of the allegations in Paragraph 333.

334.    The Defendants deny the allegations in Paragraph 334 of the Complaint.

335.    The allegations of Paragraph 335 contain legal conclusions and arguments to which no response is required.  Insofar as this paragraph alleges any liability on the part of the Defendants, such liability is denied.

336.    The allegations of Paragraph 336 contain legal conclusions and arguments to which no response is required. Insofar as this paragraph alleges any liability on the part of the Defendants, such liability is denied.

337.    The allegations of Paragraph 337 contain legal conclusions and arguments to which no response is required.  Insofar as this paragraph alleges any liability on the part of the Defendants, such liability is denied.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

338.    The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

339.    The Plaintiff's claims are barred, in whole or in party, by the doctrines of estoppel, waiver and ratification.

### Third Affirmative Defense

340.    The Plaintiff's claims are barred, in whole or in part, by the doctrines of laches and unclean hands.

### Fourth Affirmative Defense

341.    The Plaintiff's claims are barred, in whole or in part, because any acts or failure to act on the part of the Defendants were excused by the actions of others.

### Fifth Affirmative Defense

342.    If the Plaintiff was injured or damaged as alleged, which the Defendants expressly deny, then the alleged injuries or damages were caused by the acts or omissions of third parties for whom the Defendants are not legally responsible or liable.

### Sixth Affirmative Defense

343.    The Plaintiff's claims are barred, in whole or in part, due to failure of consideration.

### Seventh Affirmative Defense

344.    The Defendants hereby reserve the right to assert and rely upon any and all affirmative defenses which discovery may reveal appropriate.

### Eighth Affirmative Defense

345.    The Plaintiff has failed to state a claim upon which relief can be granted

### Ninth Affirmative Defense

346.    The Plaintiff is bared from any recovery or relief by the terms of the APA.

WHEREFORE, having fully answered the Complaint, the defendants, John C. Kelly and Rykor Concrete & Civil, Inc. respectfully request that the Court grant the following relief:

a.      That the Complaint be dismissed;

b.      That the Court award John C. Kelly and Rykor Concrete & Civil, Inc. their costs and attorneys' fees incurred herein; and

c.     That the Court grant such other and further relief as is just.

JOHN C. KELLY and RYKOR
CONCRETE & CIVIL, INC.

By their attorneys,

/s/ Paul W. Carey

Paul W. Carey, Esq., BBO #566865
Robert B. Gibbons, Esq., BBO #631049
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA 01581
Phone: 508.898.1501
Fax:    508.898.1502

Dated: December 30, 2013

## CERTIFICATE OF SERVICE

I, Paul W. Carey, hereby certify that on the 30th day of December, 2013, I caused true copies of the foregoing document to be served via ECF on those parties who have registered to receive notices in the above-captioned case pursuant to this Court's ECF Case Management System.

/s/ Paul W. Carey

Paul W. Carey, Esq.