## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## (EASTERN DIVISION)

| | |
|---|---|
| In re:<br><br>**LINDSAY LAMPASONA, LLC,**<br><br>　　　Debtor. | Chapter 7<br>Case No. 11-19747-JNF |
| **LYNNE F. RILEY, CHAPTER 7 TRUSTEE,**<br>　　　Plaintiff,<br><br>v.<br><br>**J.W. LINDSAY ENTERPRISES, LTD., PATRICK F. LAMPASONA, JR., DEVIN T. HARTNELL, S. ERNEST PORTER, BENJAMIN J. STOKDIJK, CORY T. BELL, KIRBY J. PUTNAM, LAURENCE J. SMITH, JOHN C. KELLY, RYKOR CONCRETE & CIVIL, INC., AMERICAN EXPRESS COMPANY, BANK OF AMERICA CORPORATION, CHASE BANK USA, N.A., STEVEN HETZEL and LYNN HETZEL,**<br>　　　Defendants. | Adversary Proceeding<br>Case No. 13-01404 |

**LIMITED OBJECTION BY JOHN C. KELLY AND RYKOR CONCRETE
& CIVIL, INC. TO MOTION OF J.W. LINDSAY ENTERPRISES, LTD.,
DEVIN T. HARTNELL, S. ERNEST PORTER, BENJAMIN J. STOKDIJK,
<u>CORY T. BELL, KIRBY PUTNAM & LAURENCE J. SMITH</u>**

NOW COME defendants, John C. Kelly ("Mr. Kelly") and Rykor Concrete & Civil, Inc.

("Rykor"; together with Mr. Kelly, the "Rykor Defendants") and hereby file this limited

objection to the motion (the "Motion to Withdraw") filed by J.W. Lindsay Enterprises, Ltd.,

Devin T. Hartnell, S. Ernest Porter, Benjamin J. Stokdijk, Cory T. Bell, Kirby J. Putnam and

Laurence J. Smith (collectively, the "Canadian Defendants") for an order withdrawing the reference to the Bankruptcy Court with respect to this adversary proceeding. In support of this limited objection, the Rykor Defendants respectfully state as follows:

1. The Trustee's Complaint contains 19 counts against 15 defendants. Of those counts, only four counts (Counts II, III, IV and XIX) involve the Rykor Defendants.

2. In short, the Trustee asserts that the Rykor Defendants entered into a secret agreement in connection with the sale of substantially all of the Debtor's assets to Rykor. Pursuant to the terms of that secret agreement, the Rykor Defendants allegedly agreed to pay $150,000 over and above the stated purchase price to or on behalf of Mary Lampasona, rather than to the bankruptcy estate.

3. The Rykor Defendants deny that any such agreement excited. The Rykor Defendants are confident that the Trustee will be unable to produce any credible evidence of an agreement by either of the Rykor Defendants to pay any amounts over and above the stated purchase price.

4. Through the Motion to Withdraw, the Canadian Defendants seek to withdraw the reference as to all counts of the Trustee's Complaint, including those counts affecting the Rykor Defendants.

5. The Rykor Defendants have consented to this Court's jurisdiction with respect to those counts affecting them, and believe that trial before this Court will be more timely and less costly for the Rykor Defendants and other litigants.

6. The counts pertaining to the Rykor Defendants involve a relatively simple and straight-forward question: Did a secret agreement exist in violation of the Bankruptcy Code? Determination of those counts are clearly within the Bankruptcy Court's authority.

7. The Canadian Defendants seek to withdraw the entire proceeding to preserve their right to a jury trial. Even assuming that they have a right to a trial by jury, the relief requested is overly burdensome to other defendants and unnecessary to protect the rights of the Canadian Defendants.

8. This Court could withdraw the reference only as to the claims against the Canadian Defendants.

9. In the alternative, the Court could simply leave the litigation with the Bankruptcy Court through the discovery and pretrial process. If, at the end of that period, counts remain for which a right to a jury trial exists, the Court could consider withdrawal of the reference for trial. See In re Lars, Inc., 290 B.R. 467 (D. Puerto Rico 2003) (District Court would withdraw reference only for trial, leaving all discovery and pretrial matters with Bankruptcy Court).

10. Alternatively, trial could be had before the Bankruptcy Court, the Court most familiar with the facts and circumstances of this case, with recommendations made to the District Court for final orders as contemplated by the District Court Rules. See Rule 206 of the Local Rules of the United States District Court for the District of Massachusetts.

11. In short, withdrawal of the reference as to all counts and all defendants at this time will likely cause unnecessary delay and expense for the Rykor Defendants. The Canadian Defendants have failed to show that cause exists for such sweeping relief at this time. Accordingly the Motion should be denied, at least as it effects the Rykor Defendants.

WHEREFORE, John C. Kelly and Rykor Concrete & Civil, Inc. respectfully request that the Court deny the Motion to Withdraw as to Counts II, III, IV and XIX, and grant such other and further relief as is just.

**JOHN C. KELLY and RYKOR CONCRETE & CIVIL, INC.**

By their attorneys,

　　　/s/ Paul W. Carey　　　　　
Paul W. Carey, Esq., BBO #566865
Robert B. Gibbons, Esq., BBO #631049
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA 01581
Phone: 508.898.1501
Fax:    508.898.1502

Dated: January 13, 2014

### CERTIFICATE OF SERVICE

I, Paul W. Carey, hereby certify that on the 13th day of January, 2014, I caused true copies of the foregoing document to be served via ECF on those parties who have registered to receive notices in the above-captioned case pursuant to this Court's ECF Case Management System.

　　　/s/ Paul W. Carey　　　　　
Paul W. Carey, Esq.
